UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST and INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE,[1]  Plaintiffs, v. CVS HEALTH CORPORATION, LARRY J. MERLO, DAVID M. DENTON, JONATHAN C. ROBERTS, ROBERT O. KRAFT, AND EVA C. BORATTO,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-437-MSM-PAS |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

On February 11, 2021, the Court granted the defendants' Motion to Dismiss this securities fraud action (ECF No. 67), finding that the plaintiffs had failed in their Amended Complaint (ECF No. 38) to meet the heightened pleading requirement of

---

[1] This action was originally entitled *Anarkat v. CVS Health Corporation,* but the parties agreed to substitute City of Miami, et al as the named plaintiff by court-approved stipulation. (ECF No. 31).

1

the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C.A. § 78u-4. The Court's Order also denied leave to amend, which the plaintiffs had requested in their opposition to the Motion to Dismiss "[if] the Court [were to] grant[s] any portion of the Motion[.]" (ECF No. 69, p. 54). Judgment entered that day. (ECF No. 80).

Twenty-eight days later, the plaintiffs filed a Motion for Partial Reconsideration (ECF No. 81), requesting that the Court "partially" reconsider by altering the dismissal to be without prejudice and allowing leave to amend. The plaintiffs proffered a Proposed Second Amended Class Action Complaint (PSAC) (ECF No. 81-3).

For the reasons that follow, the Court DENIES the Motion for Partial Reconsideration.[2]

## I. ANALYSIS

The plaintiffs invite the Court to travel with them down either of two roads leading to leave to amend the Amended Complaint. Both are dead ends. First, the pre-judgment contingent "request" to amend made in the last paragraph of their Memorandum in Opposition to dismissal is not in this Circuit considered a "real" motion for leave to amend. It was a tagalong paragraph in the Memorandum, attempting to reserve the option of amending if and only if the Court ordered, or felt inclined to order, dismissal. For obvious reasons, the plaintiffs failed to attach a Proposed Amended Complaint, as required by Local Rule of Civil Procedure 15. The

---

[2] The appellate standard of review on a motion such as this is "manifest abuse of discretion." *In re Biogen Inc. Sec. Litig.*, 857 F.3d 34, 45 (1st Cir. 2017).

plaintiffs manifested no actual desire to amend; any wish to amend was wholly contingent, materializing only if the Court determined that the Amended Complaint were inadequate.

The First Circuit has clearly said that such a "contingent" motion is of no legal significance. "[S]uch a passing request is without effect in these circumstances." *Fisher v. Kadant, Inc.,* 589 F.3d 505, 507 (1st Cir. 2009) (such statement "does not constitute a motion to amend a complaint."). Accord, *Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.,* 778 F.3d 228, 247 (1st Cir. 2015) (a "bare request in the[ir] response to a motion to dismiss" is not a "proper request.") Had the motion to amend been a cognizable and not contingent one, the Court would have addressed it at more length under Fed. R. Civ. P. 15(a).[3] Because it was not, the Court denied it.

The second road leads to the request to amend conjoined to the Motion for Reconsideration, made post-judgment, and accompanied by a Proposed Second Amended Complaint. The problem the plaintiffs face here is that post-judgment leave to amend is not possible: in the words of the First Circuit, once judgment enters, the case is a "dead letter" and the Complaint can no longer be amended. *Fisher,* 589 F.3d at 509 ("[O]nce judgment has entered, the case is a dead letter, and the district court

---

[3] The Motion for Reconsideration argues that the Court's Order evidenced a misunderstanding of Rule 15 as not applying to PSRLA litigation. To the contrary, the Court understands quite well that the PSRLA did not alter the Rule 15(a) standard favoring a generous allowance of amendments. *ACA Financial Guarantee v. Advest,* 512 F.3d 46, 56 (1st Cir. 2008) (PLSRA does not alter the liberal amendment policy behind Rule 15). Accord, *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1013 (9th Cir. 2018) (liberal reading of Rule 15 applies to PSLRA actions).

3

is without power to allow an amendment to the complaint because there is no complaint left to amend."). The law is clear that the judgment must be vacated *first,* pursuant to either Fed. R. Civ. P. 59(e) or 60 to put a post-judgment request to amend in a position to be ruled upon. *Id.* Alternatively, the judgment could be altered under Rule 59(e) to be without prejudice and allow amendment. The Motion here invokes Rule 59(e) and is brought timely, within 28 days of the entry of judgment. (ECF No. 81-1, p. 11).

The plaintiffs put forth two bases to modify the judgment. First, they argue that the Court applied an improper legal standard. The application of a legal standard they point to, however, is that of Rule 15, not the legal standards underlying the Court's opinion on the merits of the Motion to Dismiss. As explained above, the contingent request to amend that the Court denied was not a legitimate request under First Circuit law. Therefore, even had the Court been under a misapprehension of whether Rule 15's liberal amendment criteria applied to a PSLRA action – which it wasn't – that would be of no moment.

The plaintiffs' second argument is that the Second Amended Complaint includes new evidence not available previously. They identify eight confidential witnesses whose information, they allege, was not known until the filing of a different complaint against CVS and its officials in September 2020. *Waterford Township Police & Fire Retirement System v. CVS Health Corporation, et al*, No. 1:19-cv-00434-

4

MSM-LDA[4]. Therefore, they argue, they did not have access to the information "at the time they filed their complaint in July 2019, filed their opposition to Defendants' motion to dismiss in November 2019, or the Court held oral argument on September 16, 2020[.]" (ECF No. 81-1, p. 2). However true that might be, the defendants had other options. At any time *after* the oral argument, but *before* the case was dismissed on February 11, 2021, they could have moved to amend. Even if they did not at that time know of the full extent of the testimony they could obtain from these eight confidential witnesses, they could have moved to amend and requested leave for an extension of time in which to submit the proposed amended complaint. Instead, for five months, they simply waited and hoped for a favorable decision.

      This is precisely what the First Circuit has tried to discourage. "We wish to discourage this practice of seeking leave to amend after the case has been dismissed." *Fire & Police Pension Ass'n of Colo.,* 778 F.3d at 247. Indeed, the facts of that case are remarkably like these. There, the plaintiffs made a reference to amending in a footnote in their opposition to dismissal. Declaring that not a "proper request," the Court held that the plaintiffs had been put on notice by the motion to dismiss of deficiencies in their Complaint: "If they had something relevant to add, they should have moved to add it then." *Id.* Similarly, in *In re Biogen Inc. Sec. Litig.,* 857 F.3d 34 (1st Cir. 2017), also a securities fraud case, the plaintiffs were aware of three new sources of information four months before the district court dismissed the case.

---

[4] While the Amended Complaint in *Waterford* was filed in September of 2020, the original class action Complaint was filed in July 2019.

Instead of "alert[ing] the court to their intentions earlier," they waited until judgment entered and then moved to vacate under Rules 59(e) and 60(b)(2), claiming that the new information would cure the deficiencies in their inadequately pleaded previous Complaint.  Four months was too long, the Circuit held, and repeated its insistence that "under circumstances like these, we wish to discourage any expectation that there will be 'leisurely repeated bites at the apple.'"  *Id.* at 46 (quoting *ACA Fin. Guar. Corp.,* 512 F.3d at 57.)  *See also, Emmanuel v. Int'l Brotherhood of Teamsters, Loc. Union No. 25,* 426 F.3d 416, 422 (1st. Cir. 2005) (upholding denial of reconsideration of summary judgment where plaintiffs waited until after entry of judgment to bring to the Court's attention new publicly available evidence).

## II. CONCLUSION

Neither of the plaintiffs' requests for leave to amend have merit.  The "passing request" made in its opposition to dismissal was of no legal effect in this Circuit.  As for the post-judgment request, there is insufficient basis to vacate the judgment such as to revive the Complaint in order to amend it for a second time.  Therefore, the Motion for Partial Reconsideration and the Motion to Amend (ECF No. 81) are DENIED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date:  May 25, 2021

6